ARH
5/31/13





**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2013 JUL -1 P 12: 14

---

Rod J. Rosenstein
United States Attorney

Scott A. Lemmon
Assistant United States Attorney

36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201

DIRECT: 410-209-4831
MAIN: 410-209-4800
FAX: 410-962-3124
TTY/TDD: 410-962-4462

May 29, 2013

Jonathan Van Hoven
One North Charles Street, Suite 1215
Baltimore, MD 21201

      Re:    *United States v. Andrew Burger*
             <u>Criminal No.</u>

Dear Mr. Van Hoven:

      This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by June 12, 2013, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

      1.    The Defendant agrees to plead guilty to Count One of the Criminal Information now pending against him, which charges him with Attempt to Possess with Intent to Distribute Methylone in violation of 21 U.S.C. § 846. The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

      2.    The Defendant has agreed to plead guilty to Attempt to Possess with Intent to Distribute Methylone. The elements of Attempt to Possess with Intent to Distribute Methylone, which this Office would prove if the case went to trial, are as follows:

           A.    That Andrew Burger knowingly and intentionally attempted to possess a quantity of methylone, a Schedule I controlled substance;

           B.    That Andrew Burger intended to distribute that methylone;

Revised 8/8/08

      C.      That the attempted possession occurred in the District of Maryland.

### Penalties

3.      The maximum sentence provided by statute for attempt to possess with intent to distribute methylone is twenty years, plus a $1 million fine and 3 years of supervised release. This sentence may be enhanced if the Defendant is found to be a career offender. In addition, the Defendant must pay $100 as a special assessment for each count pursuant to 18 U.S.C. § 3013, which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.[1] If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

### Waiver of Rights

4.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

      a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

      b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

      c.      If the Defendant went to trial, the government would have the

---

[1]      Pursuant to 18 U.S.C. § 3612, if the Court imposes a fine in excess of $2,500 that remains unpaid 15 days after it is imposed, the Defendant shall be charged interest on that fine, unless the Court modifies the interest payment in accordance with 18 U.S.C. § 3612(f)(3).

burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e. If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g. If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h. By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status.

### Factual and Advisory Guidelines Stipulation

    5. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts which this Office would prove beyond a reasonable doubt, and to the following applicable sentencing guidelines factors:

### STATEMENT OF FACTS

On June 3, 2012 HIDTA Baltimore learned that United States Customs and Border Protection ("Customs") agents at JFK Airport had intercepted a package containing one kilogram of methylone. The sender of the package was Mr. Li in Nanjing, China, and the recipient was Joshua Sylvia who lived at 8338 Ridgely Oak Road, Parkville, Maryland, 21234. Before making the delivery,

Customs agents had the substance tested, and the substance was confirmed to be methylone. Methylone is a Schedule I controlled substance and is commonly the precursor drug to bath salts.

On June 7, 2012, United States Postal Inspector Craig Jones delivered the package to 8338 Ridgely Road. Sylvia accepted the package and signed a Postal Service Form 3489. Immediately following the acceptance of the package, a state search and seizure warrant was executed at the residence. When the warrant was executed, Sylvia was found in the basement next to the open parcel of methylone. Also found in the search of the basement was drug paraphernalia (including a digital scale), and seven grams of marijuana.

Sylvia was questioned, and he stated that he was being paid to receive the package for Nathaniel Petit, who lived in the Loch Raven Village Apartments at 8305 Loch Raven Blvd., Apartment "AT," Towson, MD 21286.

Investigators went to Petit's address and began conducting surveillance of the area. Investigators then saw a black Chevy pull up to 8305 Loch Raven Blvd., and the driver was later identified as Andrew Burger. Burger stated that he had traveled from Philadelphia, Pennsylvania to meet Petit.

Burger then consented to a search of his vehicle. Investigators discovered and seized a white envelope containing $5,000.00 in United States currency and a white envelope containing green plant material.

Burger had driven to Petit's apartment to use the $5,000.00 to purchase half of one kilo of methylone from Petit in the District of Maryland, and he intended to later distribute that half-kilo of methylone. He therefore attempted to possess the half-kilo of methylone with the intent to distribute it.

## ADVISORY GUIDELINE RANGE

The Defendant and this Office agree that methylone is converted to marijuana under the Sentencing Guidelines. The Defendant attempted to possess with the intent to distribute approximately half of one kilogram of methylone, which is the equivalent of distributing between 100 and 400 kilograms of marijuana. The quantity constitutes a base offense level of **twenty-six (26)**.

This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to § 3E1.1(b) for an additional one-level decrease in recognition of the Defendant's timely notification of his intention to plead guilty, and the adjusted offense level will be **twenty-three (23)**.

This Office may oppose *any* adjustment for acceptance of responsibility if the Defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office, or the United States Probation Office; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

6. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income. The parties further understand that if the defendant is found to be a criminal history category 1, he may be eligible for a two level reduction under the safety valve provisions under U.S.S.G. § 5C1.2. The parties agree that the Defendant is eligible for the safety valve provisions under U.S.S.G. § 5C1.2, and so under U.S.S.G. § 2D1.1(b)(16), his adjusted offense level is **twenty-one (21)**.

7. This Office and the Defendant agree that the Defendant was a minimal participant in the criminal activity, and he is therefore entitled to a four-level reduction under U.S.S.G. § 3B1.2(a). His adjusted offense level is therefore **seventeen (17)**.

8. This Office and the Defendant agree that with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

### Forfeiture

9. The Defendant understands that the Court will, upon acceptance of his guilty plea, enter an order of forfeiture as part of his sentence, and that the order of forfeiture will include assets directly traceable to his offense, substitute assets and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offense, specifically including but not limited to the following: the $5,000.00 in U.S. currency seized from the Defendant at 8305 Loch Raven Blvd., Towson, MD, 21286 on June 7, 2012.

The Defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding the forfeiture at the change-of-plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

### Assisting the Government with Regard to the Forfeiture

10.  The Defendant agrees to assist fully in the forfeiture of the foregoing assets. The Defendant agrees to disclose all of his assets and sources of income to the United States, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including but not limited to executing any and all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture. The Defendant further agrees that he will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding and that he will testify truthfully in any such proceeding.

### Waiver of Further Review of Forfeiture

11.  The Defendant further agrees to waive all constitutional, legal and equitable challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this plea agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The Defendant also agrees not to challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this agreement, and will not assist any third party with regard to such challenge or review or with regard to the filing of a petition for remission of forfeiture.

### Waiver of Appeal

12.  In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

   a.  The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction;

   b.  The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and the decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

   c.  Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other

        clear error;

    d.    The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Obstruction or Other Violations of Law

13.    The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under USSG § 3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, or (iii) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph.

### Court Not a Party

14.    The Defendant expressly understands that the Court is not a party to this agreement. In the federal system, the sentence to be imposed is within the sole discretion of the Court. In particular, the Defendant understands that neither the United States Probation Office nor the Court is bound by the stipulation set forth above, and that the Court will, with the aid of the Presentence Report, determine the facts relevant to sentencing. The Defendant understands that the Court cannot rely exclusively upon the stipulation in ascertaining the factors relevant to the determination of sentence. Rather, in determining the factual basis for the sentence, the Court will consider the stipulation, together with the results of the presentence investigation, and any other relevant information. The Defendant understands that the Court is under no obligation to accept this Office's recommendations, and the Court has the power to impose a sentence up to and including the statutory maximum stated above. The Defendant understands that if the Court ascertains factors different from those contained in the stipulation set forth above, or if the Court should impose any sentence up to the maximum established by statute, the Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of his obligations under this agreement. The Defendant understands that neither the prosecutor, his counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise.

-7-

## Entire Agreement

15. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Rod J. Rosenstein
United States Attorney

By: _____
Scott A. Lemmon
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

6-3-13
Date

_____
Andrew Burger

I am Andrew Burger's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

6/3/13
Date

_____
Jonathan Van Hoven, Esq.

-8-